THOMAS MELONE *vs.* DEPARTMENT OF PUBLIC UTILITIES (and a consolidated case[1]). May 9, 2012. *Department of Public Utilities. Public Utilities,* Intervention, Judicial review. *Administrative Law,* Standing, Intervention. *Practice, Civil,* Standing, Intervention.

In these consolidated appeals, Thomas Melone appeals from judgments of single justices of this court dismissing his two separate, but related, petitions. At issue is whether Melone had standing to intervene in a proceeding before the Department of Public Utilities (department) pursuant to St. 2008, c. 169, § 83 (§ 83), and then to seek judicial review of the department's approval of an agreement between the Massachusetts Electric Company and Nantucket Electric Company (collectively, National Grid) to purchase power from Cape Wind Associates, LLC (Cape Wind).

---

[1]The consolidated case involves the same parties.

*Background.* As discussed more fully in *Alliance to Protect Nantucket Sound, Inc.* v. *Energy Facilities Siting Bd.*, 457 Mass. 663, 666 (2010), "Cape Wind plans to construct [an offshore wind-powered energy generating facility (wind farm)] consisting of 130 wind turbine generators, each 440 feet tall, on Horseshoe Shoal in Nantucket Sound, a location that is more than three miles from any Commonwealth coast and entirely in Federal waters." The proceeding before the department concerned not the construction of the wind farm, but National Grid's proposed agreements to purchase power generated there. Those agreements are subject to the department's review and approval. St. 2008, c. 169, § 83, second par. Section 83 further provides that any renewable energy generating source

> "be determined by the department . . . to: (i) provide enhanced electricity reliability within the commonwealth; (ii) contribute to moderating system peak load requirements; (iii) be cost effective to Massachusetts electric ratepayers over the term of the contract; and (iv) where feasible, create additional employment in the commonwealth. . . . The department . . . shall take into consideration both the potential costs and benefits of such contracts, and shall approve a contract only upon a finding that it is a cost effective mechanism for procuring renewable energy on a long-term basis."

St. 2008, c. 169, § 83, third par.

Pursuant to § 83, National Grid filed with the department a petition for review and approval of its power purchase agreements. A number of individuals (including Melone), groups, and corporations sought to intervene. Melone sought intervention on the ground that the wind farm would have adverse effects on him as the owner of beachfront property on Martha's Vineyard. In particular, he argued that the wind farm would alter the view from his property, that the wind farm would diminish the value of his property, that oil or other contaminants spilled at the turbines could find their way to his property, and that he had standing as a ratepayer and as an abutter to the proposed project. A hearing officer with the department denied all the individuals' requests to intervene and allowed, to varying extents, the groups' and corporations' requests. Melone appealed to the department pursuant to 220 Code Mass. Regs. § 1.06(6)(d)(3) (2008). The department concluded that the claimed effects on Melone's property were beyond the scope of the § 83 proceeding, that his claimed status as an abutter was irrelevant to the proceeding, that the Attorney General could adequately represent ratepayers' interests, and that, in any event, Melone was not a National Grid ratepayer because National Grid does not serve Martha's Vineyard. Melone's first petition challenged the department's denial of his request to intervene. On the department's motion, the first single justice dismissed the first petition.

The department thereafter approved one of National Grid's proposed power purchase agreements (and denied approval of the other). Melone's second petition sought judicial review pursuant to G. L. c. 25, § 5. The second single justice dismissed the second petition for lack of standing.

*Discussion.* Under 220 Code Mass. Regs. § 1.03(1)(e) (2008), the department has "wide discretion to grant, limit, or deny a person leave to intervene." *KES Brockton, Inc.* v. *Department of Pub. Utils.*, 416 Mass. 158, 165 (1993).

The department was well within its broad discretion in denying Melone's request to intervene in this matter. The § 83 proceeding before the department concerned the cost effectiveness of the power purchase agreements. The environmental and other concerns raised by Melone, even assuming Melone would be "substantially and specifically affected" by them, see 220 Code Mass. Regs. § 1.03(1)(b) (2008), were beyond the scope of the proceeding.[2] Nothing in § 83 requires the department to address the environmental and visual effects of a renewable energy generating source.[3] Nor does Melone's claimed status as a ratepayer (even if he were a National Grid ratepayer) give him any particularized interest entitling him to intervene in this matter, especially where the Attorney General has intervened to represent ratepayers' interests. See G. L. c. 12, § 11E. In sum, there was no error or abuse of discretion in the department's denial of Melone's request to intervene. Moreover, where the department properly did not grant Melone's petition to intervene as a party to the § 83 proceeding, it follows inexorably that he was not an aggrieved party in interest entitled to seek judicial review of the department's final order approving the power purchase agreements. See G. L. c. 25, § 5; 220 Code Mass. Regs. § 1.03(1)(e).

In no. SJ-2010-409, a judgment shall enter in the county court affirming the decision of the department. The judgment in no. SJ-2010-542 is affirmed.

*So ordered.*

The cases were submitted on briefs.

*Thomas Melone,* pro se.

*Kenneth W. Salinger,* Assistant Attorney General, for Department of Public Utilities.

---

[2]Melone also claims, for the first time on appeal, that the offshore wind-powered energy generating facility (wind farm) would create a private nuisance affecting his property. Whatever the merits of this claim, it was not raised before the Department of Public Utilities (department) and is not properly before the court.

[3]Indeed, it is clear that "[t]he wind farm, including its in-State impacts, has undergone extensive scrutiny by Federal and State agencies," including environmental review. *Alliance to Protect Nantucket Sound, Inc.* v. *Energy Facilities Siting Bd.,* 457 Mass. 663, 686 (2010). Melone was not entitled to have the department revisit these issues.